Wid Gunning Inc.

vs                                          No.8921

Josiah Pierce and Sons,Appellants.

Charles F.Claiborne,Judge.

April 2nd 1923

Court of Appeal
PARISH OF ORLEANS
FILED April 2/23

350

Wid.Gunning Inc

vs                                    No.8921

Josiah Pearce and Sons,Appellant

Charles F.Claiborne,Judge.

This is a suit for rental of a film.

The plaintiff called the "Distributor"alleged that
it rented to the defendant called the " Exhibitor," a film
entitled the " Girl from God's Country " to be exhibited by the
defendant at his theatre for a period of seven days beginning
May 12th 1922 for the price of $300,in accordance with a
written contract which provides on the back thereof as follows:
" Clause 3 - The Exhibitor agrees to pay to the Distributor,
not later than seven full days in advance of the first play
date of each picture,the full amount of the rental stipulated
in this contract.The provisions hereof relating to the time of
payment,shall be deemed as or the essence of the agreement."

The plaintiff further alleges that it tendered the
film to defendant in time for exhibition on May 12th and that
defendant failed to pay for and receive the same.

Defendant admitted the contract but denied the other
allegations.He alleged that the above clause 3 of the contract
was modified by the following words printed across the face
of the contract,as follows:" To be played and paid on dates
stipulated in the contract" ; and that the meaning of those
words is that the film should be delivered on May 12th 1922 in
time to be exhibited on said date,and to be paid for on the date
and at the time of said delivery;" that plaintiff well knew that
said film was to be exhibited at defendant's theatre at ten
o'clock A.M, Friday May 12th and that plaintiff shipped said
film to defendant by express C.O.D.,and that the Express Co.
did not tender said film to defendant until Saturday May 13th
at 9 A.M.,and that defendant refused the same as time was of

the essence of the contract.The defendant further alleged that the contract was null" for the reason that it lacks mutuality in that it is not bilateral in its provisions and character".

There was judgment in favor of plaintiff and defendant has appealed.

We fail to perceive any force in the plea of want of mutuality.

Clause 1 upon the back of the contract provides:

"Clause I-The Distributor agrees that it will use its best efforts to have a copy of the film to be shown by the Exhibitor,at its nearest branch office,for the delivery to the Exhibitor in time for the showing in the theatre aforesaid on the date or dates stated in the notice hereinabove .refered to and etc ".

The evidence satisfies us that the defendant was informed on the morning of May 11th,at about 9 O'clock,that the film had arrived in New Orleans and was in the Express office to be delivered C.O.D. ; that at about 2 O'clock of the same day the defendant sent to plaintiff in Atlanta,Ga.the following telegram.:" Girl from God's Country here-stop-release quick for screening this evening,mail check to-morrow,answer. signed- J.E.Pearce;that on the morning of May 12th,between 9 and 9-15,the defendant's office telephoned to the Express Co. to hold the films and that they would send for them.

The defendant did not send for the films;They were tendered to them the next day,and by them refused.

A lessee who refuses to pay the price of the lease and to accept delivery of the thing leased,at the time stipulated,becomes at once bound to the lessor for the full price of the lease. 48 A 1313 .

Judgment affirmed.

March 26th 1923 .